# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

REGINA ROBERTS                                                                                                    **PLAINTIFF**

V.                                              **CIVIL ACTION NO. 2:12-CV-84-KS-MTP**

ECUANIC EXPRESS, INC., et al                                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendants' Motion to Dismiss [10].

### I. BACKGROUND

This action stems from an automobile accident that occurred on October 2, 2011. Plaintiff was driving on an interstate highway when her vehicle was struck by a tractor-trailer operated by Defendant Alberto Beltran in the course and scope of his employment with Defendant Ecuanic Express, Inc. Plaintiff subsequently filed a complaint in state court, alleging multiple theories of liability as to both Defendants. She seeks actual, compensatory, and punitive damages.

After removing the case, Defendants filed a motion to dismiss all of Plaintiff's independent tort claims – her "non-respondeat superior" claims – against Ecuanic, including any claims of negligent hiring, negligent maintenance, negligent training, negligent entrustment, and negligent retention.

## II. DISCUSSION

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A

plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

Defendants argue that Plaintiff's "non-respondeat superior" claims against Ecuanic should be dismissed because Ecuanic admitted that Beltran was operating his vehicle in the course and scope of his employment. The Courts of this state have consistently dismissed independent negligence claims against an employer who admits vicarious liability for an employee's actions. *See Welch v. Loftus*, 776 F. Supp. 2d 222, 225 (S.D. Miss. 2011); *Cole v. Alton*, 567 F. Supp. 1084, 1085-86 (N.D. Miss. 1983); *Nehi Bottling Co. v. Jefferson*, 84 So. 2d 684, 686 (Miss. 1956); *Lee v. Harold David Story, Inc.*, 2011 U.S. Dist. LEXIS 81651, at *6-*7 (S.D. Miss. July 25, 2011); *Curd v. W. Express, Inc.*, 2010 U.S. Dist. LEXIS 116795, at *4-*5 (S.D. Miss. Nov. 2, 2010); *Booker v. Hadley*, 2009 U.S. Dist. LEXIS 63498, at *5-*6 (S.D. Miss. July 23, 2009). The reasoning underlying these cases is that once an employer has admitted that it is liable for an employee's actions, evidence pertaining only to issues of negligent hiring, entrustment, supervision, or maintenance becomes superfluous and possibly unfairly prejudicial. *See Lee*, 2011 U.S. Dist. LEXIS 81651 at *4; *Davis v. ROCOR Int'l*, 2001 U.S. Dist. LEXIS 26216, at *19-*20 (S.D. Miss. Dec. 19, 2001).

However, Plaintiff asserted independent claims for punitive damages against Ecuanic. This Court has previously implied – if not explicitly held – that a plaintiff's independent claims for punitive damages against an employer may proceed despite the

3

employer's admission that its employee was acting in the course and scope of employment. *Lee*, 2011 U.S. Dist. LEXIS 81651 at *8-*9 (court conducted punitive damages analysis for employer despite holding that admission of vicarious liability foreclosed negligence claims); *Gaddis v. Hegler*, 2011 U.S. Dist. LEXIS 59027, at *10-*13 (S.D. Miss. May 26, 2011) (court conducted punitive damages analysis for employer despite holding that admission of vicarious liability foreclosed negligence claims); *Curd*, 2010 U.S. Dist. LEXIS at *8-*9 (court conducted punitive damages analysis for employer despite holding that admission of vicarious liability foreclosed negligence claims).[1] In the opinion of the undersigned judge, this is a reasonable conclusion.

As noted above, once an employer has admitted that it is liable for its employee's actions, evidence pertaining only to issues of negligent hiring, entrustment, supervision, or maintenance becomes superfluous because the employer's liability will necessarily depend on the employee's liability. *Lee*, 2011 U.S. Dist. LEXIS 81651 at *4; *Davis*, 2001 U.S. Dist. LEXIS 26216 at *19-*20. However, an employer can not be liable

---

[1]Two Northern District opinions provide that a plaintiff's demand for punitive damages from an employer "must either stand or fall upon the actions of the" employee. *Cole*, 567 F. Supp. at 1087; *Hood v. Dealers Transp. Co.*, 459 F. Supp. 684, 686 (N.D. Miss. 1978). Those cases, however, contemplate "the imposition of punitive damages against defendant [employer] on account of the gross or willful negligence of defendant's servant." *Hood*, 459 F. Supp. at 686 (modification original). In the present case, Plaintiff seeks the imposition of punitive damages against Ecuanic on account of its own gross or willful negligence, not Beltran's. Furthermore, an employer's liability for punitive damages can not, as a matter of law, stand or fall upon the actions of the employee. The punitive damages statute forbids vicarious liability for punitive damages. *Dawson v. Burnette*, 650 F. Supp. 2d 583, 586 n. 1 (S.D. Miss. 2009); *see also* MISS. CODE ANN. § 11-1-65(1)(a).

for punitive damages under a theory of vicarious liability. MISS. CODE ANN. § 11-1-65(1)(a) (allowing punitive damages awards if the defendant against whom they are sought acted with actual malice, gross negligence); *Dawson*, 650 F. Supp. at 586 n. 1; *Lee*, 2011 U.S. Dist. LEXIS 81651 at *6; *Poe v. Ash Haulers, Inc.*, 2011 U.S. Dist. LEXIS 75388, at *14 n. 2 (N.D. Miss. July 12, 2011). Therefore, evidence pertaining to the employer's independent gross negligence would not be superfluous or redundant, as there is no means for a plaintiff to obtain punitive damages against the employer solely through claims against the employee. Accordingly, while dismissal of Plaintiff's simple negligence claims against Ecuanic – for which no punitive damages may be awarded[2] – is appropriate, dismissal of Plaintiff's gross negligence claims against Ecuanic would be inappropriate at this time.

### III. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** the Motion to Dismiss [10] filed by Defendants. The Court grants the motion as to any independent claims for simple negligence asserted against Defendant Ecuanic Express, Inc. Phrased differently, the Court grants the motion as to any simple negligence claims asserted against Ecuanic except for those pursuant to a theory of vicarious liability. The Court denies the motion with respect to Plaintiff's independent claims for gross negligence against Ecuanic.

---

[2] "[S]imple negligence is not of itself evidence to support punitive damages." *Williams v. Duckett*, 991 So. 2d 1165, 1177 (Miss. 2008).

5

SO ORDERED AND ADJUDGED this 25th day of July, 2012.


                                       *s/ Keith Starrett*
                               UNITED STATES DISTRICT JUDGE